**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

JOHNNY BURNSIDE, )
#271070, )
                                            )   CIVIL ACTION NO. 9:11-3354-JFA-BM
            Petitioner, )
                                            )
v.                                         )   **REPORT AND RECOMMENDATION**
                                            )
ROBERT M. STEVENSON, )
WARDEN, BRCI, )
                                            )
            Respondent. )
_____)

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on December 7, 2011.[1]

       The Respondent filed a return and motion for summary judgment on April 6, 2012.[2] As the Petitioner is proceeding pro se, a Roseboro order was filed on April 9, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed

---

    [1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

   [2]Respondent filed a motion to amend and substitute its Return and Memorandum on April 11, 2012, in order to correct a calculation on page 11 of its memorandum. That motion was granted on April 12, 2012.

1



a response in opposition on May 9, 2012.

This matter is now before the Court for disposition.[3]

## **Procedural History**

Petitioner was indicted in Spartanburg County in November 2000 for murder [Indictment No. 00-GS-42-2661]. (R.pp. 348-349). Petitioner was represented by Michael D. Morin, Esquire. After a trial by jury on November 29, 2000, Petitioner was convicted as charged and sentenced to forty (40) years imprisonment. (R.pp. 170, 172).

Petitioner filed a timely appeal and was represented by Robert M. Dudek, Assistant Appellate Defender. Counsel filed an Anders[4] brief requesting to be relieved as counsel and raising the following issue:

> Whether the judge erred by refusing to charge self-defense where there was evidence the decedent's hands were in his pockets, and that appellant feared the decedent's next move, since appellant had the right to act on appearances when he feared for his life?

(R.p. 178).

On October 31, 2001, the South Carolina Court of Appeals advised Petitioner of his right to file a pro se brief, which he submitted on or about February 15, 2002. (R.pp. 189-217). The South Carolina

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744. See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

2



Court of Appeals thereafter granted counsel's request to be relieved and denied the petition in its entirety on June 20, 2002. (R.pp. 219-220). Petitioner did not seek rehearing or certiorari review from the Supreme Court of South Carolina, and the South Carolina Court of Appeals issued the remittitur on July 23, 2002. (R.p. 222).

On July 17, 2002, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Burnside v. State of South Carolina, No. 2002-CP-42-2613. (R.pp. 225-245). Petitioner raised several issues in his APCR alleging ineffective assistance of counsel. (R.p. 227) Petitioner was represented in his APCR by Rod Tullis, Esquire, and an evidentiary hearing was held on Petitioner's application on May 27, 2004. (R.pp. 249-306). By order dated November 22, 2004, and filed November 24, 2004, the PCR judge denied Petitioner's requested relief in its entirety. (R.pp. 307-314). Petitioner did not appeal.

On July 12, 2006, Petitioner filed a second application for post-conviction relief ("APCR") in state circuit court. Burnside v. State of South Carolina, No. 2002-CP-42-2237. (R.pp. 315-330). In this APCR, Petitioner alleged ineffective assistance of his PCR counsel in his first APCR. (R.p. 317). Petitioner was represented in his second APCR by Charles P. Edwards, Esquire, and a hearing was held on Petitioner's application on April 19, 2007. (R.pp. 336-342). By order dated June 11, 2007, and filed June 12, 2007, the PCR judge granted Petitioner a belated appeal of his first APCR (which the State had consented to), and denied all other relief requested in its entirety. (R.pp. 340, 343-347).

Petitioner filed an appeal of the PCR court's order. Petitioner was represented on appeal by Eleanor Duffy Cleary of the South Carolina Commission on Indigent Defense, and raised the following issue:

3



> Whether the post-conviction relief court properly found that petitioner's first post-conviction relief counsel did not advise him of his right to seek review of the denial of his first post-conviction relief application and petitioner is entitled to a review pursuant to <u>Austin v. State</u>[5]?

<u>See</u> Petition, p. 2. (Court Docket No. 17-6, p. 3)

Petitioner's counsel also filed a separate petition pursuant to <u>Austin</u> that same day presenting the following question from the first PCR action:

> Whether the PCR court erred in finding that trial counsel was not ineffective where counsel failed to request a charge of involuntary manslaughter even though there was evidence that petitioner threw the brick at the decedent without malice, but while engaged in an unlawful activity not naturally tending to cause death or great bodily harm; or while engaging in a lawful activity with reckless disregard for the safety of others and whether there is a reasonable probability the outcome of the trial would have been different if trial counsel had requested this charge?

<u>See</u> Petition, p. 2. (Court Docket No. 17-7, p. 3)

On December 3, 2008, the South Carolina Supreme Court granted the petition seeking review, but otherwise denied relief on the issue presented. <u>See</u> Order dated December 3, 2008. (Court Docket No. 17-10). The Remittitur was sent down on December 19, 2008.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

> **Ground One:** Whether the Petitioner's Sixth Amendment right to counsel was violated when trial counsel failed to request a lesser-included charge of involuntary manslaughter in a murder trial, in light of the evidence of criminal neglect without malice.
>
> **Ground Two:** Whether the Petitioner's constitutional right to a compulsory defense was violated when the trial judge refused to charge self-defense, in a murder trial, where trial counsel asserted the sufficiency of evidence warranting the charge.

<u>See</u> Petition, pp. 6, 8.

---

[5] 409 S.E.2d 395 (S.C. 1991).

4



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[6] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

Petitioner's conviction became final on July 5, 2002, fifteen (15) days after the dismissal of his direct appeal on June 20, 2002. See Gonzales v. Thaler, 132 S.Ct. 641, 656 (2012)[". . . with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."].[7] By the time Petitioner filed his first APCR on July 17, 2002, twelve (12) days of non-tolled time had passed from when his conviction became final. The time limitations period was then tolled during the pendency of Petitioner's first APCR. Since Petitioner did not timely perfect an appeal of the dismissal of his first APCR, the dismissal of this APCR became final for limitations purposes on December 27, 2004.[8] Therefore, when Petitioner filed his second APCR on July 12, 2006 (over a

---

[7]Since Petitioner did not seek review of the decision of the Court of Appeals from the South Carolina Supreme Court, he is not entitled to a tolling of the ninety (90) days to seek certiorari review from the United States Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010), adopted by, 2011 WL 380651 (D.S.C. Feb. 3, 2011); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008). See also Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007).

[8]It not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244;

(continued...)



year and a half later), the time for Petitioner to file his federal habeas petition had already expired.[9]

---

[8](...continued)
Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period (the order of dismissal was issued on November 24, 2004). Since thirty days fell on December 24, 2004 (which was a holiday), the time to appeal expired on Monday, December 27, 2004.

[9]In Jimenez v. Quarterman, 555 U.S. 113, 115-121 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time *direct appeal* during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a *state PCR action* does not retroactively toll the statute back to the filing date of the original APCR. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10thCir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]; McMillan v. Secretary of Dep't of Corrections, 257 Fed.Appx. 249 at * 1 (11th Cir. 2007)[Time period was not tolled during the time period between the conclusion of Petitioner's PCR action and the filing of Petitioner's second PCR action even though Petitioner was granted a belated PCR appeal]; Drew v. Superintendent, MCI - Shirley, 607 F.Supp.2d 277, 282-283 (D.Mass. Apr. 10, 2009)[same]. Cf. Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001)[agreeing with the Fifth, Seventh, and Tenth Circuits that "nothing" is 'pending' for purposes of § 2244(d)(2) when the time for seeking review [on a particular petition for state habeas relief] has elapsed and there is no application under consideration by the state court."] Accordingly, Petitioner is not entitled to a tolling of the federal
(continued...)

7



In his second APCR, Petitioner was granted a belated Austin appeal of the dismissal of his first APCR, with the dismissal of his second APCR becoming final for limitations purposes on December 19, 2008.[10] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000). By the time Petitioner then filed this federal habeas petition on December 7, 2011, almost three more years had passed. Therefore, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.

Finally, Petitioner argues that he is entitled to equitable tolling of the limitations period because he did not receive notice of the decision dismissing the appeal of his belated PCR filing until shortly after September 6, 2011. See Court Docket No. 23-1, p. 20 & Exhibit 5. Petitioner asserts

---

[9](...continued)
habeas filing period during the time period in which he had no petition pending after the dismissal of his first APCR.

[10]The State disputes that the limitations period remained tolled until the date that the Remittitur was issued in Petitioner's second state PCR action. However, even giving Petitioner the benefit of that time period in this case, his federal petition is still untimely. Therefore, the undersigned has used the date that the Remittitur was issued out of an abundance of caution. See Gonzalez v. Thaler, 132 S.Ct. 641, 654 n. 10 (2012) [distinguishing between §2244(d)(2) and (d)(1) provisions]; see also SCACR 221(b); Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



that he was never sent a copy of the order denying his belated PCR appeal, and has attached a certification from the prison mail room that he did not receive legal mail in December 2008 or January 2009 (the South Carolina Supreme Court issued the order denying the petition on December 3, 2008 and the Remittitur was sent down on December 19, 2008). See Petitioner's Exhibit 7. Petitioner has also attached a letter addressed to him, dated August 3, 2007, from his PCR appellate counsel Cleary telling him to be patient, that the Court may not issue an order until at least a year after she files her brief or in some cases longer, and that he will be notified when the Court makes a decision and that letters asking the status of his case do not speed up the process. See Attachment to Petitioner's Memorandum.

However, as previously noted, Petitioner's time to file his federal habeas petition had expired prior to him ever even filing his second APCR. Petitioner has made no argument to establish a basis for an award of equitable tolling for that earlier period, other than that he just did not know what was going on. See Petitioner's Response Brief, p. 5; see also (R.p. 339). Petitioner has also provided no cogent argument for why he did not more actively pursue, or inquire into, the status of his belated appeal in the two and one half years from January 2009 to September 2011. Finally, even assuming that Petitioner would have been entitled to equitable tolling through early September 2011 (which the undersigned expressly does not find), Petitioner then waited an additional three (3) months before filing this federal habeas petition. Marengo v. Conway, 342 F.Supp. 2d 222, 230 (S.D.N.Y. 2004)[Noting that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]; Weldon v. Pate, No. 10-1400, 2011 WL 573454 at * 3, n. 10 (D.S.C. Jan. 26, 2011), adopted, 2011 WL 573454 (D.S.C. Feb. 15, 2011)[No equitable tolling where Petitioner waited eight months after receipt of letter from an attorney he

9



attempted to retain before he filed habeas petition].

In sum, no basis for equitable tolling is present in these facts. Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010)[Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230. Rather, Petitioner simply failed to timely file this federal petition. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay]. As Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; he is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 28, 2012
Charleston, South Carolina



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

