UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny Burnside, | ) | C/A No. 9:11-3354-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Robert M. Stevenson, Warden, BRCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Johnny Burnside, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court conviction for murder.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the §2254 petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, the petitioner was convicted by a jury of murder and sentenced to 40 years imprisonment. He filed a timely appeal which the South Carolina Court of Appeals denied on June 20, 2002. He did not seek rehearing or certiorari review from the South Carolina Supreme Court.

On July 17, 2002, petitioner filed an application for post-conviction relief (PCR) raising various claims of ineffective assistance of counsel. After an evidentiary hearing, the PCR judge denied petitioner's request for relief on November 24, 2004. Petitioner did not appeal that decision.

On July 12, 2006, almost a year and one half after the dismissal of his first PCR, petitioner filed a second PCR alleging ineffective assistance of his PCR counsel in his first PCR. A hearing was held on the second PCR and the State consented to the PCR judge's grant of a belated appeal of petitioner's first PCR. Petitioner then filed an appeal of the first PCR court's order. The South Carolina Supreme Court granted the petition seeking review, but otherwise denied relief on the issues presented. The remittitur was filed on December 19, 2008.

The present petition for habeas relief was filed in this court on December 9, 2011—almost three years after petitioner's second PCR became final for limitations purposes. Here, the petitioner raises two grounds for relief: (1) Whether petitioner's Sixth

Amendment right to counsel was violated when trial counsel failed to request a lesser-included charge of involuntary manslaughter in a murder trial, in light of the evidence of criminal neglect without malice; and (2) Whether the petitioner's constitutional right to a compulsory defense was violated when the trial judge refused to charge self-defense, in a murder trial, where trial counsel asserted the sufficiency of evidence warranting the charge.

The respondent contends that the petition is untimely and subject to dismissal under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Respondent notes that petitioner's conviction became final on July 5, 2002 (15 days after the dismissal of his direct appeal on June 20, 2002). Petitioner then filed his first PCR on July 17, 2002, creating twelve days of non-tolled time from when the conviction became final.

Petitioner did not perfect an appeal of the dismissal of his first PCR, thus it became final on December 27, 2004. Petitioner did not file a second PCR until July 12, 2006. The PCR judge granted petitioner a belated appeal under *Austin v. State*, 409 S.E.2d 395 (S.C. 191), and denied all other relief requested in its entirety. Petitioner then filed an appeal of that decision. The Supreme Court of South Carolina granted the petition seeking review, but otherwise denied relief on the issue presented. The remittitur was filed on December 19, 2008.

When the petitioner filed his first PCR, 12 days had lapsed, leaving him 353 days to file a timely federal habeas petition. His first PCR was concluded on November 24, 2004, and the clock of un-tolled time began to run again. When the petitioner filed his second PCR on July 12, 2006, an additional 595 days of un-tolled time accrued, making any federal

3

habeas petition at this point outside of the one-year statute of limitations. The second PCR was concluded on December 19, 2008, however, the instant petition in federal court was not filed until December 7, 2011—some 1,706 days late.

The petitioner acknowledges that the petition is outside of the one-year time limitation period, but he argues that he is entitled to equitable tolling because he did not learn of the December 19, 2008 decision until he inquired about it with the Clerk of Court in a letter dated September 6, 2011.

This court has carefully reviewed the record and the petitioner's objections to the Report and agrees with the Magistrate Judge that the petitioner provides no basis for equitable tolling. Petitioner has not shown any extraordinary circumstances which prevented him from filing a petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. *See Holland v. Florida*, 130 S.Ct. 2549 (2010) and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Because the petition is untimely under the AEDPA, the petitioner is barred from seeking federal habeas relief in this court.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled.

Accordingly, the respondent's motion for summary judgment (ECF No.17) is granted and the § 2254 petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 8, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

5